## Alvin Hulbert et al. v. Elias Hartman.

1. INNKEEPERS—*Liability for Loss of a Guest's Property.*—In case of the loss of his guest's property an innkeeper is *prima facie* guilty of negligence, but he may repel such presumption by showing an absence of negligence on his part or of his employes and servants, and by showing negligence on the part of the guest.

**Trespass on the Case,** for goods lost by a guest at a hotel. Trial in the Superior Court of Cook County; the Hon. Theodore Brentano, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in the Branch Appellate Court at the March term, 1898. Reversed and remanded. Opinion filed December 23, 1898.

John S. Huey, attorney for appellants.

B. M. Shaffner, attorney for appellee.

Mr. Justice Horton delivered the opinion of the court.

At the time of the loss complained of in this case appellants were proprietors of the hotel known as the Tremont House, in the city of Chicago. Appellee was a guest there. It appears that he retired to his room in said hotel about seven o'clock the evening of April 20, 1895, quite unwell, and that between that hour and the time when he arose the next day there was stolen from his room property which belonged to him of the value of $260, and fifteen or twenty dollars in money. There is no positive proof as to how or by whom the room was entered. The jury returned a verdict against

appellants for the sum of $87.50. Judgment was entered thereon, from which this appeal was taken.

In his argument the attorney for appellants says: "The whole burden of our complaint in this case is that the verdict is unsupported by the evidence, is inconsistent and ridiculous, and is a mockery and travesty on justice, and the case should, therefore, be reversed and remanded."

No other point is presented or argued by appellants. We have received no assistance whatever in the case from the "Brief for Appellee."

It is conceded by attorney for appellants that (using his own language), "The rule is, in case of loss of his guest's property, that the innkeeper is *prima facie* negligent; but he may repel this presumption of negligence by showing an absence of negligence on his part, or of his employes and servants, and by showing negligence on the part of the guest."

We can but concur in the contention that the testimony shows that there was no negligence on the part of the appellants. There was a four-tumbler lock on the door to appellee's room and two bolts on the inside of the door. All of these means of fastening the door were in good order. Appellee says that after locking the door he took the key out and laid it on a table in his room, and that he thought that if he had not taken the key out no one could have unlocked the door from the outside. He also says that he does not "remember anything about the thumb bolt at all," but that he tried to and thought he did slide the other bolt. He states that he "saw the card hanging on the chandelier notifying guests to leave their valuables in safe." This is the case as made by appellee's own testimony, and he called no other witnesses.

On the other hand, it appears from an examination of the premises by two detectives (who were sent for by appellants), and by the manager and others, that whoever entered the room must have done so through the door above spoken of, and not through the transom or any window. There was no other door through which the room could be entered. Mr.

Kirkland, manager of the house at the time, but not so when examined as a witness, testified as follows, referring to the appellee:

Q. "You say he stated he was not certain whether he had locked the door when he came in or not? A. At that time he stated he was not certain, because I asked him if he did not remove the key from the outside or hall part of the door, and simply go in and lay it down on the table without putting that key on the inside and locking it. He could not be positive.

Q. "And he stated he was not positive that he locked the door at all? A. He stated he was not positive.

Q. "And was it that time he said he dozed off into a sleep? A. That was the time.

Q. "How long did he say he remained asleep there? A. He did not know; three or four hours, or something like that. He then woke up and undressed and went to bed, he said."

This testimony is not contradicted by any one. And besides the testimony clearly sustains the position that there was no negligence on the part of appellants or their agents or employes.

Upon what theory the jury arrived at the sum of $87.50, named in their verdict, we can not perceive from the testimony. There was no testimony from which that sum could possibly be arrived at. We do not feel called upon to indorse all that is said by the attorney for appellants in regard to the verdict of the jury. It is sufficient for us to say that it can not be sustained.

The judgment of the Superior Court is reversed and the cause remanded.